[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 14, 2006
THOMAS K. KAHN
CLERK

No. 03-14304

_____

THOMAS D. ARTHUR,

Petitioner-Appellant,

versus

RICHARD F. ALLEN,
Commissioner, Alabama Department of Corrections,

Respondent-Appellee.

_____

On Appeal from the United States District Court for the
Northern District of Alabama

_____

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
(Opinion June 21, 2006, 11th Cir., 2006, \_\_\_\_\_ F.3d\_\_\_\_\_)

BEFORE: BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Upon consideration of the petitioner-appellant's petition for rehearing, the opinion, Arthur v. Allen, __ F.3d __, 2006 WL 1687574 (11th Cir. Jun 21, 2006), we make the following modifications.

The discussion and analysis that follows the second paragraph under IV. DISCUSSION, B. Arthur's Claims of Exception to the Statute of Limitations, 2. Entitlement __ to a Hearing and Discovery, __ F.3d at __, 2006 WL 167574, at *10, is deleted, and the following is substituted in its place:

> Generally, "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course," but may be obtained upon showing "good cause," Bracy, 520 U.S. at 904, 117 S. Ct. at 1796-97, to believe that the evidence sought would "raise[] sufficient doubt about [his] guilt to undermine confidence in the result of the trial."[1] Schlup, 517 U.S. at 317, 115 S. Ct. at 862. Good cause is demonstrated "'where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he . . . is entitled to relief.'" Bracy, 520 U.S. at 908-09, 117 S. Ct. at 1799 (quoting Harris v. Nelson, 394 U.S. 286, 300, 89 S. Ct. 1082, 1091 (1969)). Thus, good cause for discovery cannot arise from mere speculation. It is not enough, for example, to allege that "DNA testing could demonstrate that the same person who raped Judy Wicker also physically assaulted her, that this person's blood was on her blouse, that his hair was found in the Wicker residence, that he was in Judy Wicker's 1981 Buick Riveria, and that this person was not Mr. Arthur." Arthur's Petition for Rehearing at 14.
>
> Recognizing that discovery cannot be ordered on the basis of pure hypothesis, Arthur's request relies heavily on the affidavits of High and Melson. But the credibility of those documents is fundamentally wounded by the affiants' own substantial retraction of the very content advanced to

---

[1] We recognize that the provisions of 18 U.S.C. § 2254(e)(2) for obtaining an evidentiary hearing are not applicable to a petitioner's first federal habeas petition seeking review of a defaulted claim based on an allegation of actual innocence. House v. Bell, __ U.S. __, 126 S. Ct. 2064 (Jun. 12, 2006); Sibley v. Culliver, 377 F.3d 1196, 1207 (11th Cir. 2004).

support Arthur's new alibi.  For this reason, the affidavits do not furnish good cause to believe that the facts, if "fully developed" through the discovery sought, would be any different from those found at trial.  <u>See</u> <u>Bracy</u>, 520 U.S. at 909, 117 S. Ct. at 1799.  The district court did not abuse its discretion in denying Arthur's request for discovery and an evidentiary hearing.

In all other respects, the petition for rehearing and rehearing en banc is **DENIED**.